# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **CHRISTOPHER WIDNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-463 |
| ) | (Phillips) |
| **MICHAEL J. ASTRUE, Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On September 13, 2010, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Report and Recommendation ("R&R") [Doc. 17] in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. 11] be denied, and that the Commissioner's Motion for Summary Judgment [Doc. 15] be granted. This matter is now before the Court on Plaintiff's timely objections to the R&R [Doc. 18]. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2), the Court has reviewed *de novo* those portions of the R&R [Doc. 17] to which Plaintiff objects.

On June 27, 2006, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplementary security income ("SSI"). [AR 12]. After Plaintiff's application was denied, an Administrative Law Judge ("ALJ") held a hearing on July 15, 2008. [AR 672-702]. On February 18, 2009, the ALJ decided that Plaintiff was not "disabled."[1] [Id.]. After the Appeals

---

[1] Pursuant to 42 U.S.C. § 1382(a), a person qualifies for SSI benefits on the basis of financial need and either age, blindness, or disability. "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

1

Council denied Plaintiff's request for review, Plaintiff filed suit in federal court. [Plaintiff's Social Security Complaint, Doc. 2].

In finding that Plaintiff was not disabled, the ALJ decided not to give extra (or "controlling") weight to Plaintiff's treating physician, Dr. Charles H. DeBusk, M.D. ("Dr. DeBusk"). As noted by Judge Guyton, "a treating physician's opinion will be afforded controlling weight, if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." [R&R, Doc. 17, at 9] [citing 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)]. In this case, the ALJ found that Dr. DeBusk's opinions were "wholly inconsistent with the claimant's benign clinical examinations and conservative treatment . . ." [AR 18]. When an ALJ does not give a treating physician's opinion "controlling weight," the ALJ must give "good reasons" for the weight given to the opinion. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

As explained by Judge Guyton, the issues in this case are whether "the ALJ's decision not to afford Dr. DeBusk's opinions controlling weight was supported by substantial evidence, and second, whether the ALJ gave 'good reasons' for his decision not to afford the opinions weight." [R&R, Doc. 17, at 9]. In his objections to the R&R, Plaintiff argues that the ALJ failed to accord proper weight to Dr. DeBusk's opinion. [Doc. 18]. In other words, Plaintiff argues that Dr. DeBusk's opinion was not against substantial evidence, and the ALJ failed to provide "good reasons" for giving less weight. [Id.].

Plaintiff's objections are **OVERRULED**. The Court finds that Judge Guyton has already considered these arguments in the R&R [Doc. 17], which the Court hereby **ACCEPTS IN ITS**

**ENTIRETY**. Judge Guyton's analysis was thorough and well-reasoned, and the Court will not disturb it. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**, and the Commissioner's Motion for Summary Judgment [Doc. 15] is **GRANTED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge